IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ETHAN A. JACBOS, II,[1] | § | |
| | § | No. 379, 2018 |
| Respondent Below, | § | |
| Appellant, | § | Court Below:  Family Court of the |
| | § | State of Delaware |
| v. | § | |
| | § | File No. 18-03-5TK |
| DIVISION OF FAMILY SERVICES, | § | Petition No. 18-06555 |
| | § | |
| Petitioner Below, | § | |
| Appellee, | § | |
| | § | |
| and | § | |
| | § | |
| OFFICE OF THE CHILD | § | |
| ADVOCATE, | § | |
| | § | |
| Appellee. | § | |

Submitted:  December 5, 2018
Decided:  February 25, 2019

Before **VALIHURA**, **SEITZ**, and **TRAYNOR**, Justices.

**O R D E R**

(1)    This is an appeal from the Family Court's order of July 11, 2018, terminating the parental rights of Ethan Jacbos ("Father") in his three-year-old son, Conrad.[2]  The parental rights of Conrad's mother were terminated in the same order and are not at issue in this appeal.

---

[1] The Court previously assigned a pseudonym to the appellant under Supreme Court Rule 7(d).
[2] The Court has assigned a pseudonym to the child.  Del. Sup. Ct. R. 7(d).

(2)     Father's counsel has filed a no-merit brief and a motion to withdraw under Rule 26.1(c).  Counsel asserts that he made a conscientious review of the record and found no arguable claim to raise on appeal.  Father disagrees with his counsel's position and has supplemented the brief with a written submission raising claims for our consideration.  Counsel for the Division of Family Services and for Conrad's court-appointed special advocate have responded to the Rule 26.1(c) brief as supplemented and have moved to affirm the Family Court's judgment.

(3)     On December 30, 2016, the Division of Family Services ("DFS") was granted temporary legal custody of Conrad on an emergency basis on the grounds that Conrad's mother was unable to care for him and Father was incarcerated.  With the filing of DFS's dependency and neglect petition on January 2, 2017, the mandated hearings ensued.[3]  At each of the hearings, the Family Court found that Conrad was a dependent child and that it was in his best interests to remain in DFS's care and custody.  The court also found that DFS had made reasonable efforts to reunify the family.

(4)     Father has been incarcerated for all but the first four months of Conrad's life, serving a four-year unsuspended prison sentence imposed in 2015 for

---

[3] When a child is removed from home by DFS and placed in foster care, the Family Court is required to hold hearings at regular intervals under procedures and criteria detailed by statute and in the court's rules.  13 *Del. C.* § 2514 (Supp. 2019); Del. Fam. Ct. Civ. R. 212–219.

the fourth-degree rape of Father's fourteen-year-old second cousin. When released from his Level V incarceration later this year, Father will serve six months of Level IV work release followed by probation.

(5) In March 2017, DFS filed a motion under 13 *Del. C.* § 1103(d) asking to be released from having to provide reunification services to Father.[4] The motion was granted. In November 2017, DFS filed a motion to change the permanency goal from reunification to termination for purposes of adoption. That motion was granted as well. DFS then filed a petition to terminate Father's and Conrad's mother's parental rights. The Family Court held an evidentiary hearing on June 25, 2018.

(6) At the conclusion of the hearing, the Family Court Judge advised the parties that the court's written decision would issue within thirty days, adding that "there will be no mystery about it, the evidence is clear and convincing that both mother and father have failed to meet the duties that they have as parents and have failed to plan adequately for this child and for unification with the child."[5]

(7) On appellate review of a termination of parental rights, we are required to consider the facts and the law as well as the inferences and deductions made by

---

[4] 13 *Del. C.* § 1103(d) (Supp. 2019) ("The Department is not required to perform, but is not prohibited from performing, reunification and related services as outlined in Chapter 90 of Title 29 when the grounds for termination of parental rights are those stated in paragraph (a)(2), (4), (6), or (8) of this section.").

[5] Hr'g Tr. at 52 (June 25, 2018).

the Family Court.[6]  We review legal rulings *de novo*.[7]  If the Family Court has correctly applied the law, our review is limited to abuse of discretion.[8]  We conduct a limited review of the factual findings of the Family Court to assure that they are sufficiently supported by the record and are not clearly wrong.[9]

(8)  In Delaware, the termination of parental rights is based on a two-step statutory analysis.[10]  First, the Family Court must determine whether there is a statutory basis for termination under 13 *Del. C.* § 1103.[11]  If the Family Court finds a statutory basis for termination, the court must determine, under 13 *Del. C.* § 772, whether severing parental rights is in the best interests of the child.[12]  It is incumbent on the petitioner—DFS in this case—to prove by clear and convincing evidence that there is a statutory basis for termination and that the best-interests analysis favors termination.[13]

(9)  In its July 11, 2018 decision, the Family Court found more than one statutory basis for terminating Father's parental rights.  First, the court found that Father's 2015 fourth-degree rape conviction of a child served as a basis for

---

[6] *Wilson v. Div. of Family Servs.*, 988 A.2d 435, 439–40 (Del. 2010).
[7] *Id.* at 440.
[8] *Id.*
[9] *Id.*
[10] *Shepherd v. Clemens*, 752 A.2d 533, 536–37 (Del. 2000).
[11] *Id.*
[12] *See* 13 *Del. C.* § 722(a)(1)–(8) (listing factors to be considered when determining the best interests of the child).
[13] *Powell v. Dep't of Servs. for Children, Youth & Their Families*, 963 A.2d 724, 731 (Del. 2008).

termination under § 1103 (a)(4), which provides that parental rights may be terminated when "the respondent has been found by a court of competent jurisdiction to have . . . [c]ommitted a felony level offense against the person, as described within subchapter II of Chapter 5 of Title 11, in which the victim was a child."[14]  Fourth-degree rape, a violation of 11 *Del. C.* § 770, is delineated as a sexual offense in subpart D of subchapter II of Chapter 5 of Title 11.  Moreover, the same conviction served as a basis for the Family Court's termination of Father's parental rights under § 1103(a)(7), which provides that parental rights may be terminated when "[t]he parent has subjected a child to . . . sexual abuse."[15]

(10)   As a third basis for terminating Father's parental rights, the Family Court found that DFS had proved by clear and convincing evidence that Father was unable or had failed "to plan adequately for [Conrad's] physical needs or mental and emotional health and development" under § 1103(a)(5).[16]  When the statutory basis for termination is failure to plan, there must be proof of at least one additional statutory condition[17] and proof that DFS made *bona fide* reasonable efforts to preserve the family unit,[18] unless the agency was released from that obligation as in

---

[14] 13 *Del. C.* § 1103(a)(4).
[15] *Id.* § 1103(a)(7).
[16] *Id.* § 1103(a)(5).
[17] *Id.* § 1103(a)(5)(a)(1)–(5) (listing additional conditions).
[18] *In re Hanks*, 553 A.2d 1171, 1179 (Del. 1989).

this case.[19]  In this case, the Family Court found proof of more than one additional statutory condition, including that:  (i) Conrad had been in the custody of DFS for over one year; (ii) Father was incapable of discharging his parental responsibilities because of his extended incarceration; (iii) Father was not able to assume promptly legal and physical custody of Conrad and to pay for his support; and (iv) failure to terminate Father's parental rights would cause Conrad continued emotional stability or physical risk because there was little likelihood that Father can assume care of Conrad in the near future, and that delaying Conrad's placement in a permanent home would be detrimental to his well-being.[20]

(11)   When considering the best-interests factors under 13 *Del. C.* § 772, the Family Court found that all but one of the relevant factors favored the termination of Father's parental rights.  When conducting its best-interests analysis, the court carefully considered the factors and made factual findings that guided its decision that the termination of Father's parental rights was in the best interests of Conrad.

(12)   In his first claim on appeal, Father challenges the termination of his parental rights under 13 *Del. C.* § 1103(a)(4).  He contends that he was wrongfully convicted of fourth-degree rape and is awaiting the outcome of his appeal from the denial of his motion seeking to vacate the conviction.  Father's claim is without

---

[19] *Supra* note 4.
[20] § 1103(a)(5)(a)(1)–(5).

merit. To satisfy § 1103(a)(4), there must be clear and convincing evidence that "the respondent has been found by a court of competent jurisdiction to have . . . [c]ommitted a felony level offense against the person, as described within subchapter II of Chapter 5 of Title 11, in which the victim was a child."[21] Father's conviction of fourth-degree rape satisfies that statutory basis for termination. Father pleaded guilty to the sexual offense in February 2016 and was sentenced in May 2016. His conviction became final in in June 2016, when he did not file a direct appeal from the conviction. Father's pending appeal from the denial of his *pro se* motion for postconviction relief does not negate the facts that he was convicted in the Superior Court of a felony level sexual offense in subchapter II of Chapter 5 of Title 11 and that the victim was a child.

(13) In his second claim on appeal, Father claims that DFS was statutorily required to provide him with reunification services and that the Family Court erred when releasing DFS from that obligation. His claim is without merit. Under the governing statute, DFS is required to make reasonable efforts to reunite the family "whenever feasible."[22] In this case, the Family Court released DFS from its obligation to provide reunification services under 13 *Del. C.* § 1103(d), based on Father's conviction of a sexual offense where the victim was a child. Moreover, we

---

[21] *Supra* note 14.
[22] 29 *Del. C.* § 9003(13) (Supp. 2019).

7

have held that when a parent is incarcerated for an extended period, it may not be feasible to attempt reunification.[23] In this case, the Family Court concluded that, under the circumstances, DFS was not required to offer a reunification case plan to Father. We find no error or abuse of discretion in that ruling.

(14) Having carefully reviewed the parties' positions and the record on appeal, we can discern no abuse of discretion in the Family Court's factual findings and no error in the court's application of the law to the facts when terminating Father's parental rights. We therefore conclude that Father's appeal is wholly without merit and devoid of any arguably appealable issue. We are satisfied that Father's counsel made a conscientious effort to examine the record and the law and properly determined that Father could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[23] *See, e.g., Heller v. Div. of Family Servs.*, 669 A.2d 25, 30 (Del. 1995); *cf. Waters v. Div. of Family Servs.*, 903 A.2d 720, 726 (Del. 2006) (finding that reunification services were feasible when father was released from incarceration less than thirty days after the paternity determination).